*1094TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos, Island Finance Puerto Rico, Inc., en adelante, la peticionaria, solicitando la revisión de una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante dicho dictamen, el tribunal a quo denegó una solicitud de sentencia sumaria interpuesta por la peticionaria.
Por los fundamentos que expondremos a continuación, se expide el auto solicitado y se revoca el dictamen emitido.
I
Conforme surge del recurso ante nuestra consideración, Doriel Ramos Mattei, María Martínez Santiago y la sociedad legal de gananciales compuesta por ambos, en adelante, los recurridos, incoaron demanda sobre daños y perjuicios por alegado embargo ilegal contra la peticionaria.
En la demanda interpuesta, los recurridos alegaron que eran los propietarios-' de una residencia en la urbanización La Rambla, Ponce. Plantearon que al llevarse a cabo un estudio de título advinieron en conocimiento de que la propiedad estaba gravada con un aviso de sentencia dictada. Dicha anotación lee:
“Que alfolio 65 del tomo 3 del Registro de Sentencias de Ponce I, aparece anotada sentencia dictada el 13 de noviembre de 1996, por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Juana Díaz, en el Caso Civil #CD 96-765, seguido por Island Finance Inc., demandante v. María Martínez Santiago, demandada, por una cuantía de $3,564.00, más intereses, etc. Anotada el día 17 de septiembre de 1996. ”
Alegaron los recurridos que nunca se enteraron de dicha reclamación én su contra y que la misma se fundamentó en un supuesto préstamo que no se realizó. En su consecuencia, se alegó que la propiedad de los recurridos había sido ilegalmente embargada a raíz de un pleito incoado sin justa causa por la peticionaria. Plantearon que dicho embargo ilegal ocasionó daños a los recurridos ascendentes a $50,000.
La peticionaria presentó alegación responsiva. Trabada la controversia, y luego de varios trámites procesales, la peticionaria presentó escrito intitulado “Solicitud para que se Dicte Sentencia por la Vía Sumaria”. Los recurridos presentaron oportuna oposición.
El 12 de noviembre de 2002, notificada el 18 de noviembre de 2002, el tribunal a quo denegó la solicitud de sentencia sumaria presentada por la peticionaria. Insatisfecha con dicha determinación, la peticionaria presentó reconsideración, la cual no fue considerada.
Inconforme, recurre ante este Tribunal. El 17 de enero de 2002, notificada el 24 de enero de 2003, ordenamos a los recurridos mostraran causa por la cual no debíamos expedir el auto solicitado. Habiendo transcurrido el término concedido, procedemos a resolver conforme intimado.
II
En su escrito, la peticionaria plantea que incidió el Tribunal de Primera Instancia al denegar la solicitud de sentencia sumaria a pesar de que los recurridos no demostraron la existencia de controversia sustancial sobre hechos materiales; y por no haberse demostrado negligencia, daños y relación causal.
III
La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. m, R. 36.3, autoriza al tribunal a dictar dicha sentencia cuando “no existe controversia real sustancial en cuanto a ningún hecho material y... como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente.” Partido Acción Civil v. Estado Libre Asociado de Puerto Rico, 150 D.P.R. _ (2000), 2000 J.T.S. 33; Piñero v. A.A.A., 146 D.P.R. 890, 904 (1998); *1095Soc. de Gananciales v. Vélez & Asoc., 145 D.P.R. 508, 526 (1998); Tello v. Eastern Air Lines, 119 D.P.R. 83, 86 (1987); Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 720 (1986).
El Tribunal Supremo de Puerto Rico ha aclarado, sin embargo, que la sentencia sumaria sólo debe ser dictada en casos claros cuando el tribunal tiene ante sí la verdad sobre todos los hechos pertinentes y no hace falta una vista evidenciaría. Rivera v. Depto. de Hacienda, 149 D.P.R. _ (1999), 99 D.P.R. 144; J.A.D.M. v. Centro Com. Plaza Carolina, 132 D.P.R. 785, 802 (1993).
Si existen dudas sobre la procedencia de la sentencia sumaria, el tribunal debe brindar a las partes la oportunidad de una vista evidenciaría. Hernández Villanueva v. Hernández, 150 D.P.R. _ (2000), 2000 J.T.S. 26; Rivera v. Depto. de Hacienda, supra; Rivera v. Superior Pkg., Inc., 132 D.P.R. 115, 133 (1992).
La parte que solicita la sentencia sumaria tiene que demostrar que no hay controversia real sustancial en cuanto a ningún hecho material y que procede se dicte sentencia a su favor como cuestión de ley. La parte opositora se ve entonces en posición de poner en controversia los hechos presentados por el promovente. Soto v. Rivera, 144 D.P.R. 500 (1997); Pilot Life Ins. Co. v. Crespo Martínez, 136 D.P.R. 624 (1994).
Una vez la moción de sentencia sumaria ha sido presentada y se sostenga en la forma provista por la Regla 36 de las de Procedimiento Civil, supra, la parte contraria no puede descansar solamente en las aseveraciones o negaciones contenidas en su demanda, sino que viene obligada a contestar en forma tan detallada y específica, como lo hubiere hecho la parte promovente, exponiendo los hechos pertinentes a la controversia que demuestren que existe una controversia real que debe ser dilucidada en un juicio. Audiovisual Lang v. Sist. Est. Natal Hermanos, 144 D.P.R. 563 (1997); Pilot Life Ins. Co. v. Crespo Martínez, supra.
No obstante, el sólo hecho de no presentar evidencia que controvierta la presentada por la parte promovente, no implica que la sentencia sumaria procederá de manera automática. Jusino et als. v. Walgreens, 155 D.P.R. _ (2002), 2001 J.T.S. 154.
Tiene que haber quedado demostrado que la parte promovida no tiene derecho alguno bajo cualquier circunstancia discernible de las alegaciones que no hayan sido refutadas. Asoc. Pesc. Pta. Figueras v. Pto. del Rey, 155 D.P.R. _ (2002), 2002 J.T.S. 4; García Rivera et al. v. Enríquez, 153 D.P.R. _ (2001), 2001 J.T.S. 15.
La determinación de disponer de un pleito mediante este mecanismo, es una que está confiada a la discreción del foro de primera instancia. PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. 881, 914 (1994).
Al hacer su evaluación, el Tribunal puede considerar la totalidad de las alegaciones y documentos que obren en el récord, los cuales se toman de la manera más favorable a la parte promovida. PFZ Props., Inc. v. Gen. Acc. Ins. Co., supra; Corp. Presiding Bishop of LDS v. Purcell, supra; Flores v. Municipio de Caguas, 114 D.P.R. 521, 525 (1983); Padín v. Rossi, 100 D.P.R. 259, 263-264 (1971).
El peso para demostrar que no existe controversia real sustancial sobre los hechos materiales recae sobre la parte que solicita la sentencia sumaria. Soto v. Rivera, 144 D.P.R. 500, 518 (1997); Pilot Life Ins. Co. v. Crespo Martínez, 136 D.P.R. 624, 632 (1994). El sólo hecho de no presentar evidencia que contraviertá lá presentada por la parte promovente, no implica que necesariamente proceda la sentencia sumaria. PFZ Props, Inc. v. Gen. Acc. Ins. Co., supra.
Al dictar sentencia sumaria, el tribunal: (1) analizará los documentos que acompañan la moción solicitando sentencia sumaria y los documentos incluidos con la moción de oposición y aquéllos que obren en el expediente del tribunal; (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda *1096que no han sido controvertidas o refutadas en forma alguna por los documentos. El tribunal no debe dictar sentencia sumaria cuando: (1) existen hechos materiales no controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se ácompañan con la moción una controversia real sobre algún hecho material; o (4) como question de derecho no procede. PFZ Props., Inc. v. Gen. Acc. Ins. Co., supra.
IV
El objetivo del Registro de la Propiedad es registrar los actos y contratos referentes a los bienes inmuebles “mediante un sistema de publicidad de títulos que contienen las adquisiciones, modificaciones y extinciones del dominio y demás derechos reales sobre dichos bienes, y de los derechos anotables sobre los mismos, y de las resoluciones judiciales que afecten la capacidad civil'de los titulares.” 30 L.P.R.A. sec. 2051. El Registro de la Propiedad es una entidad pública para cualquier persona interesada en investigar el estado jurídico de los bienes inmuebles o derechos reales inscritos. 30 L.P.R.A. sec. 2101. Los libros oficiales del Registro de la Propiedad son los siguientes: (1) Libro de Embargos Federales; (2) Libro de Embargos a Favor del Estado Libre Asociado de Puerto Rico; (3) Libros de Sentencias; (4) Tomo de Inscripción; y (5) Diario de Operaciones. Los índices de Fincas y Personas, el Registro de Planos, el Informe d'e Derechos Cobrados complementan los libros oficiales. Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, Sec. 29.1.
Como parte de las disposiciones complementarias a la Ley Hipotecaria se estableció que todo Registrador de la Propiedad deberá llevar un libro denominado “Registro de Sentencia”.
Por su parte, la Ley de 8 de marzo de 1906, según enmendada, dispone que será obligación del Secretario de cualesquiera de las Secciones o Salas del Tribunal de Primera Instancia, siempre que la persona en cuyo favor se dictara una sentencia, o su agente, abogado o cesionario, extender y entregarle, mediante el pago de derechos, el extracto de dicha sentencia. 30 L.P.R.A. sec. 1801.
El estatuto dispone que todo Registrador de la Propiedad llevará un índice alfabético del Registro de Sentencias, en el cual constará el nombre de cada demandante y demandado en la sentencia, y el número de la página del Registro en que estuviere inscrito el extracto de la sentencia. 30 L.P.R.A. sec. 1804.
Cuando se presentare para su inscripción al Registrador de la Propiedad de cualquier distrito el extracto de la sentencia, lo archivará en su despacho y lo inscribirá inmediatamente en su Registro de Sentencias. 30 L.P.R.A. sec. 1806.
Cuando una sentencia se inscribe en el Libro de Sentencias del Registro de la Propiedad y es pasada al índice, tiene el “efecto de un gravamen sobre todos los bienes inmuebles del demandado, no exentos de embargos, radicados en el distrito donde se inscribiere el correspondiente extracto, y sobre todos los inmuebles que el demandado o demandados posteriormente adquieren en dicho distrito. Y tal gravamen tendrá el alcance y prelación que se determina en el inciso (5) de la see. 5193 del Título 31. ” 30 L.P.R.A. sec. 1806.
A su vez, el Art. 1823 del Código Civil, 31 L.P.R.A. sec. 5193, dispone que en cuanto a determinados bienes inmuebles y derechos reales del deudor gozan de preferencia:

“(5) Los créditos previamente anotados en el registro de la propiedad en virtud de mandamiento judicial, por embargo, secuestros o ejecución de sentencias, sobre los bienes anotados, y sólo en cuanto a créditos posteriores. ”

V
Dentro del marco jurídico antes señalado, procedamos a resolver la controversia de autos.
*1097La peticionaria nos plantea que en la solicitud de sentencia sumaria enumeró una serie de hechos materiales, los cuales, de no ser debidamente controvertidos, permitían establecer la inexistencia de una causa de acción por daños y perjuicios, a saber:

“1. Que la parte demandante [los recurridos] es propietaria de una finca la cual se describe a continuación:

Urbana: Solar marcado con el #61 del Plano de la Urbanización con una cabida de 300.00 METROS CUADRADOS, radicado en el Barrio Machuelo Abajo del término municipal de Ponce; y colindancia por el NORTE, con el solar #84 del plano de la Urbanización y mide 12.00 METROS; por el ESTE, con el solar #62 del plano de la Urbanización mide 25.00 METROS; por el SUR, con la calle #1 del plano de la Urbanización ¡y mide 12.00 METROS, es el #61 de la Urbanización La Rambla. Sobre dicho solar enclava una casa residencial para una familia. ”

2. Los demandantes [los recurridos] decidieron poner a la venta su propiedad, por tal razón, el 21 de febrero de 2001, suscribieron contrato con la firma de bienes raíces Ponce Realty para que les representaran en la venta de la propiedad por un término de ciento ochenta (180) días. Dicho plazo vencía el 21 de agosto de 2001. (Anejo 3, Exhibit 1).

3. Los señores Antonio Dominicci Vélez y Normaliz Texeira Rodríguez acordaron comprar la propiedad e iniciaron gestiones con el Western Bank para el financiamiento de la suma a pagarse a los vendedores. (Anejo 3, Exhibits II y III)

4. Como parte de la originación y proceso del préstamo hipotecario, con fecha de 9 de mayo de 2001, la Sra. Ana Echevarría, Investigadoras de Títulos, efectuó un estudio de título sobre la referida propiedad, copia del cual fue enviado desde sus oficinas el día 24 de mayo a las 6:20 p.m. y el cual reza en su parte pertinente como sigue:

EMBARGOS ESTATALES: Ninguno

GRAVAMENES FEDERALES: Ninguno

SENTENCIAS: OBSERVACIÓN: Que contra MARI A MARTINEZ SANTIAGO, SEGURO SOCIAL #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 (DUEÑA ACTUAL DE LA FINCA), no aparece sentencia alguna, pero que alfolio 65 del tomo 3 del Registro de Sentencias de Ponce I, aparece anotada sentencia dictada el 13 de noviembre de 1996, por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Juana Díaz, en el Caso Civil #CD 96-765, seguido por Island Finance Inc., demandante v. María Martínez Santiago, demandada, por una cuantía de $3,564.00, más intereses, etc. Anotada el día 17 de septiembre de 1996.

NOTA: NO PODEMOS CERTIFICAR SI LA DEMANDADA Y LA DUEÑA ACTUAL DE LA FINCA SON LAS MISMAS PERSONAS, YA DEL REGISTRO DE SENTENCIAS NO SURGE EL. SEGURO SOCIAL (Anejo 3, Exhibit IV)

5. Surge específica y claramente del referido estudio de título, que la propiedad perteneciente a la parte demandante [los recurridos] no está gravada ni tiene a su haber embargo estátal o federal alguno. (Anejo 3, Exhibit IV)

6. El 24 de mayo de 2001, el Ledo. Felix Lloréns Santini (notario autorizante de la escritura de compraventa de la propiedad en cuestión) se comunicó por la vía telefónica, con Id Leda. Elizabeth Ortiz Irizarry, Asesora Legal de Island Finance [la peticionaria], y con quien tenía una buena amistad, para preguntarle sobre la información que había surgido en el estudio de título en cuanto a la referida sentencia a favor de Island Finance 
*1098
[la peticionaria] contra una persona llamada María Martínez Santiago, con nombres y apellidos similar a la demandante [recurrida]. (Anejo 3, Exhibit V- Declaración Jurada)

7. La Leda. Ortiz le indicó al licenciado Lloréns que cotejaría la información y le devolvería la llamada. Al ésta revisar los récords, se encontró que no había ninguna cuenta registrada en Island Finance [la peticionaria] a nombre de María Martínez Santiago con número de seguro social 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. Ese mismo día, ordenó la preparación y envió de una certificación a tales efectos. (Anejo 3, Exhibit V- Declaración Jurada.)

8. Carmen de Jesús, Business Services Manager de Island Finance [la peticionaria], emitió certificación fechada el 24 de mayo de 2001, acreditando que bajo el nombre de la codemandante [recurrida] María Martínez Santiago (SS #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), no aparece tipo de crédito alguno. (Anejo 3, Exhibit Vi)

9. El Settlement Agreement preparado por el Banco hipotecario ante el cual se estaba gestionando el financiamiento para la compra de la propiedad, documento oficial en el cual se desglosan los gastos de cierre, fue firmado por las partes al momento del cierre del contrato de compraventa, o sea el día 25 de mayo de 2001. (Anejo 3, Exhibit Vil).

10. La propiedad de los demandantes [los recurridos] fue vendida el día 25 de mayo de 2001, según consta de la escritura de compraventa suscrita por las partes. (Anejo 3, Exhibit VIH).

11. En la contestación al .Segundo Pliego de Interrogatorios cursado a la parte demandante [los recurridos], el codemandante Doriel Ramos Mattei [recurrido], admitió nunca haber recibido llamadas de cobro ni requerimientos de pago por parte de la demandada Island Finance [la peticionaria]. (Anejo 3, Exhibits II y III)

La peticionaria acompañó su solicitud con la contestación del recurrido al segundo pliego de interrogatorios y requerimientos de admisiones, con el estudio de título que dio génesis a la controversia de autos, con una declaración jurada de Elizabeth Ortiz Irizarry, y con la Certificación emitida por la peticionaria, entre otros documentos. ”

En su oposición a la solicitud de sentencia sumaria, los recurridos plantearon que los siguientes hechos estaban en controversia:

“1. Que la Certificación de crédito negativo fue emitida por la Compañía Island Finance [la peticionaria] el 24 de mayo de 2002, fecha posterior a la estipulada para la venta original.

2. Que la venta del inmueble en efecto se atrasó, ya que el cierre estaba pautado para fecha anterior y por la negligencia de la parte demandada se malogró nuevamente impidiendo la enajenación en el momento deseado por la parte demandante [los recurridos].

3. Que se anotó en el Registro de la Propiedad una deuda a nombre de la Sra. María Martínez Santiago, la cual impuso un gravamen sobre los bienes inscritos, afectando la enajenación de los mismos. ”

El Tribunal de Primera Instancia en su Resolución expresó:
“En el caso de autos existen controversias las cuales sólo pueden ser dilucidadas en un juicio plenario o en una vista adjudicativa a esos efectos, pues existen cuestiones subjetivas o de credibilidad envueltas... Existe controversia, entre otras, sobre si es cierto o no que realmente el cierre estuvo o no retrasado, además de que es necesario demostrar los elementos indispensables para que prospere una reclamación de daños y perjuicios, tales como negligencia, daños y relación causal. ” (citas omitidas).
*1099Evaluado el expediente ante nos, concurrimos con la peticionaria en que lo medular en el caso ante nos es determinar si la propiedad de los recurridos fue gravada ó embargada ilegalmente por la peticionaria. En esta circunstancia descansa la existencia, conforme los recurridos, de una controversia de hechos.
En primer término, surge del estudio de título que la propiedad en controversia no está gravada ni tiene a su haber embargo estatal o federal alguno. Por otro lado, la peticionaria, conforme permite el ordenamiento jurídico, ejerció su derecho de dar a la publicidad en el Registro de la Propiedad el extracto de una Sentencia obtenida a su favor.
La Sec. 4 de la Ley de 8 de marzo de 1908, 30 L.P.R.A. see. 1802, enumera las circunstancias que se harán constar en el extracto, el cual, conforme hemos reseñado, lo prepara el Secretario del tribunal. En dicho extracto se hará constar: (1) los nombres y apellidos de todos los demandantes y demandados en la sentencia; (2) el número de la demanda en que se dictare la sentencia, y el tribunal sentenciador; (3) la fecha en que fue dictada la sentencia; (4) la cuantía de dicha sentencia y la cantidad que de la misma quedare en descubierto; y (5) el tipo dé interés, si alguno se especificare en la sentencia y las costas. Nada se dispone sobre el número de seguro social de la persona.
Es responsabilidad de funcionarios del Registro de la Propiedad incluir esta información en el Registro de Sentencias. Corresponde, por su parte, a la persona que interesa información verificar los datos obtenidos en la misma. A tales efectos, surge de manera diáfana en el estudio de título realizado que no se podía certificar si la demandada y la dueña actual de la finca, a saber, la recurrida, eran la misma persona, toda vez que no surge el número de seguro social.
Una lectura de las disposiciones legales arriba transcritas no revela, reiteramos, que sea requisito incluir el número de seguro social. Asimismo, y como bien señala la peticionaria, el ordenamiento jurídico no requiere notificar una Sentencia a toda persona con nombre similar al de la parte contra quien se obtuvo una sentencia. Por su parte, los recurridos nunca recibieron gestiones de cobro de parte de la peticionaria.
Por otro lado, y relacionado al trámite de la peticionaria de obtener una certificación de crédito negativa, el cual arguyen los recurridos genera parte de la controversia de hechos del presente caso, se desprende de manera meridiana que era un acto de buena fe, conforme surge de la declaración jurada de la Leda. Elizabeth Ortiz Irizarry, Asesora Legal de Island Finance. Bajo estas circunstancias no se le puede imponer responsabilidad a la peticionaria. Por su parte, los recurridos no controvirtieron lo anterior ni presentaron evidencia de que era responsabilidad de la peticionaria someter dicha certificación.
Del análisis y evaluación de los hechos y documentos en relación con los cuales no existe controversia alguna, y conforme a la normativa antes expresada, entendemos que incidió el Tribunal de Primera Instancia al no conceder la sentencia sumaria solicitada por la peticionaria. A tales efectos, este Tribunal determina que procede dictar sentencia sumaria a favor de la peticionaria.
VI
Por las razones arriba esbozadas, se expide el auto solicitado y se revoca la Resolución recurrida. En su consecuencia, se dicta sentencia sumaria en el caso de autos y se desestima la causa de acción incoada.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General